IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARRAN WALKER, | : |
| Plaintiff, | : NO. 5:10-CV-436 (MTT) |
| VS. | : |
| OFFICER HARTGROVE, *et al.*, | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Plaintiff filed the above-captioned action complaining about an alleged incident of excessive force that occurred on September 6, 2010, at the Baldwin County Law Enforcement Center where Plaintiff was previously confined. Following the close of discovery, Defendants Hartgrove, Langford, and Villodas filed a Motion for Summary Judgment asserting qualified immunity, Plaintiff's failure to state a claim, and Plaintiff's failure to exhaust his administrative remedies. Doc. 15. After review, and for the reasons set forth below, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment be **DENIED**.

## LEGAL STANDARD

In accordance with Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted if "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed.R.Civ.P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324–26. If the evidence presented by the nonmovant is "not significantly probative" or is "merely colorable," then summary judgment may be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial ." Celotex, 477 U.S. at 322.

## DISCUSSION

### Excessive Force Claim

In support of this contention, Defendants rely primarily upon the contents of their requests for admissions to which the Plaintiff failed to respond. In these requests, Defendants asked Plaintiff to admit, among other things, that any use of force against Plaintiff was justified and that Plaintiff sustained no injuries as a result of any use of force. In view of Plaintiff's failure to respond, Defendants maintain that their requests must be deemed admitted and, as such, are sufficient to demonstrate their entitlement to judgment as a matter of law.

After the Defendant's Motion for Summary Judgment was filed, Plaintiff asked the Court for an extension of time in which to respond to the Defendants' requests for admissions and interrogatories. Doc. 20. Soon thereafter, Plaintiff filed his responses into the record of this case. Doc. 23. In his responses, Plaintiff denied nearly all of the Defendant's requests. By separate order entered earlier this date, Plaintiff's request for an extension of time was granted. Having been

denied by the Plaintiff, Defendants' requests for admission, alone, are not evidence in the case and are insufficient to support judgment as a matter of law.

Defendants have not identified any other substantive evidence to show the Court that Plaintiff cannot establish a genuine issue of material fact with regard to his claims. The only evidence in the record of the case at this time is the affidavit of Plaintiff, submitted in support of his response to the Motion for Summary Judgment. In his affidavit, Plaintiff testifies to the facts alleged in his Complaint. He states that Defendants Hartgrove and Langford entered Plaintiff's cell when Plaintiff continued to press the call button after being instructed to stop. Hartgrove and Langford forced Plaintiff to the floor, handcuffed Plaintiff's hands behind his back, and began to beat Plaintiff. Langford stomped on Plaintiff's back while Hartgrove kicked Plaintiff in the head. Three other officers then entered the room. One of them, Defendant Vilodas, held Plaintiff down and struck Plaintiff with his fists. The other two officers, Downing and Smithwick, eventually intervened to stop the beating. Plaintiff states that Hartgrove and Langford were discharged by the Sheriff's Office in response to the incident. Plaintiff's affidavit sets forth sufficient evidence to establish genuine issues of material fact regarding Plaintiff's excessive force claim.

<u>Physical Injury</u>

Defendants also rely solely on their requests for admission to support their contention that Plaintiff has failed to present evidence of a physical injury, as required by the Prison Litigation Reform Act at 42 U.S.C. § 1997e(e). Plaintiff contends in his complaint and in his response to the Motion for Summary Judgment that he suffered injury as a result of the beating. He states that he experienced severe bruising and has endured migraine headaches, vision loss, and back spasms after the incident. It appears that he was referred to a hospital and received a CT scan, although the results of that scan are not in the record. Defendants have presented no medical records or other

evidence to contradict Plaintiff's version of events. In the absence of any such evidence, Defendants have failed to show that there are no genuine issues of material fact or that they are entitled to judgment as a matter of law.

### Exhaustion of Administrative Remedies

Defendants also contend that Plaintiff failed to exhaust his available administrative remedies prior to filing the instant action. Where, as here, the affirmative defense of failure to exhaust is filed, review involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal when the plaintiff's version of the facts is accepted as true, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id.

This argument must be resolved at the first stage of the Turner analysis. Defendants have filed no evidence regarding the grievance procedure, but again rely entirely upon Plaintiff's failure to submit a timely response to their requests for admission to support the bare assertion that Plaintiff failed to exhaust his administrative remedies in accordance with the Baldwin County Jail grievance procedure. In response, after acknowledging that there is a grievance procedure at the Baldwin County Jail, Plaintiff maintains that he filed several grievances that were never answered by the Defendants. Doc. 24. For this reason, Plaintiff asserts that no administrative remedies were available. Id.

Pursuant to Turner, and due to the Defendants' failure to submit any evidence to the contrary, Plaintiff's allegations must be accepted as true. Accordingly, Defendants have failed to

show Plaintiff did not exhaust his administrative remedies prior to filing suit.

## Qualified Immunity

Defendants final argument in support of their Motion for Summary Judgment asserts entitlement to Qualified Immunity. Given the nature of the genuine issues of material fact concerning the severity and consequences of the force allegedly used against Plaintiff, Defendants cannot demonstrate that they are entitled to qualified immunity as a matter of law. If Plaintiff's allegations concerning the Defendants' conduct and his resulting injuries are proven, they would clearly constitute an actionable claim of excessive use of force in violation of Plaintiff's Constitutional rights.

## Conclusion

In accordance with the above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of November, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge